WHITMORE et al. v. SWANK.

In re WHITMORE.

(Circuit Court of Appeals, Fourth Circuit. April 19, 1918.)

No. 1588.

BANKRUPTCY ☞467—PREFERENCES—FACT QUESTIONS.

It being conceded that a bankrupt's conveyance to his sons was made within four months prior to the adjudication, while the grantor was insolvent, and that it would secure the grantees a greater proportion of their claims than other creditors of their class would secure, it was a question of fact for the trial court whether the grantees had reasonable cause to believe the grantor was insolvent and that the conveyance would effect a preference.

Appeal from the District Court of the United States for the Western District of Virginia, at Harrisonburg, in Bankruptcy; Henry Clay McDowell, Judge.

Bill by Ward C. Swank, as trustee in bankruptcy of William C. Whitmore, bankrupt, against William C., Jas. H., and Howard S. Whitmore. Decree for complainant, and defendants Jas. H. and Howard S. Whitmore appeal. Affirmed.

D. O. Dechert and H. W. Bertram, both of Harrisonburg, Va., for appellants.

George E. Sipe, of Harrisonburg, Va. (Sipe & Harris, of Harrisonburg, Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. In this suit by the trustee in bankruptcy of William C. Whitmore, the court below set aside a conveyance by the bankrupt to two of his sons of certain real estate in Harrisonburg, Va., comprising the bulk of his property, on the ground that it was a voidable preference. The grantees appeal.

It appears to be conceded: (1) That the conveyance was made within four months prior to the adjudication; (2) that the grantor was insolvent at the time; and (3) that the conveyance, if allowed to stand, will give the grantees a greater percentage of their claims than other creditors of the same class will be able to secure. The only question in dispute is whether the sons had reasonable cause to believe that their father was insolvent and that the conveyance to them would effect a preference. But this was purely a question of fact for the trial court to determine, and its decision necessarily implies a finding adverse to the appellants. True, they stoutly denied any knowledge of their father's embarrassment; but direct testimony to the contrary, the relationship of the parties, and the circumstances attending the transaction warranted the conclusion of the learned district judge.

We find no occasion to disagree with that conclusion, and the decree appealed from is accordingly affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes